**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENNETH ERIC ZYSK,

    Petitioner,

v.                                                                              Case No. 07-CV-10282

MILLICENT D. WARREN,

    Respondent.
    _____/

**OPINION AND ORDER (1) OVERRULING PETITIONER'S OBJECTIONS, (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (3) DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, AND (4) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Pending before the court is Petitioner Kenneth Eric Zysk's petition for a writ of habeas corpus, filed on January 18, 2007. For the reasons stated below, the court will overrule Petitioner's objections, adopt Magistrate Judge Paul Komives's report and recommendation ("R&R"), deny Petitioner's petition for a writ of habeas corpus, and decline to issue a certificate of appealability.

**I. BACKGROUND**

Petitioner, a state prisoner, filed a *pro se* petition for a writ of habeas corpus on January 18, 2007.[1] The court referred the matter to Magistrate Judge Komives, who issued a R&R on April 14, 2009, recommending that the court should deny Petitioner's application for a writ of habeas corpus. Specifically, the magistrate judge found the petition, organized into four areas – issues with substituting counsel and the ineffective

---

[1] Petitioner was convicted by a jury on October 13, 2003, of possession of an explosive device, Mich. Comp. Laws § 750.211a; conspiracy to assault with intent to rob while armed, Mich. Comp. Laws §§ 750.89, 750.157a; and conspiracy to assault with intent to murder, Mich. Comp. Laws §§ 750.83, 750.157a.

assistance of counsel, a perjured testimony claim, a sufficiency of the evidence claim, and a lesser offense instruction claim – to be without merit. After an extension by the court, Petitioner filed timely objections on May 12, 2009.

## II. STANDARD

### A. Review of Reports and Recommendations

Objections to a magistrate judge's R&R are timely if Petitioner files the objections within ten days of service of a copy of the R&R. 28 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d)(2). If objections are not filed within the ten day period, a party waives any further right to appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). The filing of timely objections to a magistrate judge's R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See *United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context. A party who files timely objections to a magistrate judge's report in order to preserve the right to

appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50.  The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case.  The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

### III.  DISCUSSION

#### A.  Objection 1

Petitioner objects that "he was denied a fair trial when the trial judge failed to appoint substitute counsel."  (Pet.'s Objs. at 3.)  This was the argument presented to, and addressed by, the magistrate judge in his R&R.  Specifically, the magistrate judge provided extensive analysis of the standard for substitute counsel and the situations in which a defendant's rights are violated by a failure to provide substitute counsel.  (R&R at 11-12.)  The magistrate judge noted that if a defendant, without good cause, unilaterally refuses to communicate or cooperate with his appointed counsel, he will not later be heard to complain that he should be appointed substitute counsel.  (R&R at 12); *United States v. Valerdi-Melgarejo*, 11 Fed. App'x 797, 797 (9th Cir. 2001).  The magistrate judge found, and the court agrees, that there is significant record evidence demonstrating that Petitioner unilaterally refused to assist his appointed counsel, even going as far as to undercut his counsel's preparation efforts.  (R&R at 10-11.) Petitioner's objection does not dispute this finding.  In fact, Petitioner does not address the finding at all, instead restating detailed legal argument concerning his right to

3

counsel and asserting a breakdown in communication.  (Pet.'s Objs. at 5-6.)  Without more, the court cannot conclude the magistrate judge's R&R presents an error to be corrected concerning Petitioner's substitute counsel claim. *Walters*, 638 F.2d at 949-50.

### B.  Objection 2

In very similar fashion, Petitioner's second objection does not address the magistrate judge's very detailed analysis of Petitioner's ineffective assistance of counsel claim.  The magistrate judge noted that Petitioner's counsel was not required to make meritless objections, was prepared for trial, and was not required to present evidence that provided little or no help to Petitioner's defense.  (R&R at 16-19.)  Petitioner's objection presents only facts which were before the magistrate judge and analyzed.  Indeed, the list of instances in which Petitioner claims he received ineffective assistance of counsel (Pet.'s Objs. at 8), is exactly the list presented to and considered by the magistrate judge. (R&R at 14-15.)  Petitioner merely restates the facts perceived relevance.  An objection that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge, and will therefore be overruled.

### C.  Objection 3

Petitioner's third objection is that "his conviction was based on perjured testimony."  (Pet.'s Objs. at 11.)  He presents what he alleges are false statements made, at trial, by a witness, Michelle Varanasdale.  (*Id.* at 13.)  This witness's statements were analyzed by the magistrate judge in his R&R, in which he concluded no perjury existed.  (R&R at 23.)  Petitioner points to no error in that analysis now.

Petitioner also objects that a witness, Kevin Kendrick, lied at trial. (Pet.'s Objs at 14-15.) At the same time, however, Petitioner admits that the "Prosecutor commented on this false testimony in his closing argument," which he asserts resulted in his conviction through false statements. (*Id.* at 15.) As the magistrate judge correctly stated, even if a perjurious statement was made, it did not go uncorrected. The jury was aware of any potential falsehoods the witness presented at trial and had an opportunity to weigh the impact on the credibility of Kendrick's testimony. Petitioner does not demonstrate that the magistrate judge's recommendation was in error.

### D.  Objection 4

Petitioner objects that the evidence presented at trial was insufficient to support his conviction for attempted murder. (*Id.*) He does not refute the magistrate judge's presentation of numerous facts demonstrating that the intent element was established at trial (R&R at 29), but instead offers the conclusory statement that "the Prosecutor failed to prove that petitioner possessed the specific intent to murder." (*Id.* at 16.) This "objection" does not demonstrate any error in the magistrate judge's recommendation, and will be overruled.

### E.  Objection 5

Finally, Petitioner states that the R&R "reaches the conclusion that petitioner's allegations . . . do have merit." (*Id.*) In light of the thirty pages the magistrate judge devoted to analyzing the lack of merit in Petitioner's claim, the court is baffled as to how petitioner can conclude otherwise. Regardless, stating that the magistrate judge found his claims meritorious does not make it so. Petitioner fails to demonstrate any error in the magistrate judge's analysis, and his final objection is overruled.

**F.  Certificate of Appealability**

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). In denying the habeas petition, the court has studied the case record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA. *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.)).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the court concludes that reasonable jurists would not debate the court's conclusion that Petitioner does not present any claims upon which habeas relief may be granted. Therefore, the court will deny a certificate of appealability.

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Petitioner's objections [Dkt. # 12] are OVERRULED, and the magistrate judge's April 14, 2009 report and recommendation [Dkt. # 10] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Petitioner's petition for a writ of habeas corpus [Dkt. #1] is DENIED.

Finally, IT IS ORDERED that the court DECLINES to issue Petitioner a certificate of appealability.

                    s/Robert H. Cleland
                    ROBERT H. CLELAND
                    UNITED STATES DISTRICT JUDGE

Dated:  May 29, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 29, 2009, by electronic and/or ordinary mail.

                    s/Lisa G. Wagner
                    Case Manager and Deputy Clerk
                    (313) 234-5522